# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COX OPERATION, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-1933**<br>**c/w 17-2087** |
| **SETTOON TOWING, L.L.C., ET AL.** | **SECTION I**<br>**REF: ALL CASES** |

## ORDER & REASONS

Before the Court is a motion[1] *in limine* filed by defendant Settoon Towing, L.L.C., *in personam*, and the Tug M/V Megan B. Settoon and her tow, their engines, etc., *in rem*, (collectively, "Settoon") to exclude testimony from plaintiff Cox Operating, L.L.C.'s ("Cox") expert Arthur Zatarain ("Zatarain") under Rule 702. For the following reasons, the motion is denied.

## I.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;

---

[1] R. Doc. No. 75.

> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The U.S. Supreme Court's decision in *Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). Both scientific and nonscientific expert testimony is subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004).

"To qualify as an expert, 'the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.'" *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992)). Additionally, Rule 702 states that an expert may be qualified based on "knowledge, skill, experience, training, or education." *Id.* "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)).

However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Id.*; *see also*

*Daubert*, 509 U.S. at 596. An expert's lack of specialization similarly goes to the weight of evidence offered by that expert. *Vedros v. Northrop Grumman Shipbuilding, Inc.*, 119 F.Supp.3d. 556, 562 (5th Cir. 2015). The Court applies a preponderance of the evidence standard when performing this gatekeeping function. *See Daubert*, 509 U.S. at 592 n.10. The Court is not bound by the rules of evidence—except for those concerning privileges—when doing so. *See id.*

## II.

Settoon argues that Zatarain's testimony about navigation aids and navigation aid inspection practices should be excluded because Zatarain is not an expert in these areas.[2] Settoon challenges Zatarain's fitness as an expert under *Daubert* and Rule 702, asserting that Zatarain's knowledge and experience do not qualify him to testify on this particular subject.[3] Although conceding that Zatarain has experience with battery-operated systems, Settoon argues that generalized experience is not enough: "[T]he field of marine navigation aid lights / marine navigation aid light inspection and maintenance practices . . . [is] a highly specialized industry."[4] According to Settoon, Zatarain has never worked as a navigation aid inspector; he is not otherwise specialized in navigation aids; and his only knowledge of inspection practices for the type of equipment discussed in his report comes from a conversation with "an undisclosed person at an actual nav-light inspection company."[5]

---

[2] R. Doc. No. 75-1, at 1.
[3] *Id.* at 4.
[4] *Id.* at 2.
[5] *Id.* at 5.

In response, Cox makes several arguments. First, Cox disputes Settoon's assertion that Zatarain is not sufficiently experienced with navigation aid light systems.[6] Cox cites Zatarain's expert report to show that he has "specific marine ATON experience."[7] In his report, Zatarain explains that he "provided services in the coastal and offshore markets for all brands of Nav-Aid equipment."[8] He also admitted that he does not have "hands-on experience" with batteries like the one used in the light installed on the platform where the allision occurred, but he "do[es have] experience with those same technologies for many other applications."[9] To further elucidate Zatarain's qualifications, Cox submitted an unsworn declaration by Zatarain in which he outlines his experience with projects requiring ATON systems.[10] For example, Zatarain asserts that he "designed and project-managed approximately 12 . . . offshore projects requiring ATON design" while working for Shell Offshore between 1977 and 1980 and "personally inspected and maintained approximately 10 marine ATON systems" while employed by Dataran Corporation thereafter.[11]

Cox also criticizes Settoon for being unable to articulate why the maintenance and inspection of marine ATONs is a "highly specialized industry."[12] According to Cox, Zatarain's extensive experience with battery-operated systems generally should serve as a sufficient basis to qualify him as an expert on the battery in the navigation

---

[6] R. Doc. No. 82, at 5–6.
[7] *Id.* at 6. "ATON" is an acronym used to refer to a navigational aid.
[8] R. Doc. No. 75-2, at 35.
[9] *Id.* at 2, 20, 36.
[10] R. Doc. No. 82-1, at 4–6.
[11] *Id.* at 5.
[12] *Id.* at 6.

aid light in this case.[13] The "marine setting" of this particular ATON is, Cox claims, irrelevant, and Zatarain's knowledge of general principles of systems engineering applies—regardless of the application.[14] Finally, Cox argues that *Daubert* considerations are not implicated in a bench trial and that the Court is capable of weighing Zatarain's experience and knowledge at trial: "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility."[15]

### III.

The Court is satisfied that Zatarain's qualifications are sufficient to allow him to testify about navigation aids, particularly considering many of the *Daubert* objectives are not implicated in a bench trial. *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000); *Carter v. Hornbeck Offshore Transp., LLC*, No. 12-1545, 2014 WL 2898458, at *2 (E.D. La. June 26, 2014) (Duval, J.). Settoon takes issue with what it perceives as Zatarain's lack of experience with navigation aids and navigation aid inspection practices in the marine setting. However, in his report, Zatarain describes his significant experience with electrical power and control systems and, more specifically, battery-operated systems like the navigation aid light at issue in this case.[16] Additionally, Zatarain's unsworn declaration includes a more detailed account

---

[13] *Id.*
[14] R. Doc. No. 82, at 6–7.
[15] *Id.* at 8–9 (citing this Court's decision in *Lawrence v. Great Lakes Dredge & Dock Co., L.L.C. of La.*, No. 17-9775, 2018 WL 2445614, at *1 (E.D. La. May 31, 2018)).
[16] *See* R. Doc. No. 75-2, at 3–4.

of his resume, and it suggests he has at least a decade's worth of experience with projects that, at the very least, included ATON systems.[17]

Furthermore, "[a] lack of personal experience . . . should not ordinarily disqualify an expert, so long as the expert is qualified based on some other factor provided by Rule 702: 'knowledge, skill, experience, training, or education.'" *United States v. Wen Chyu Liu*, 716 F.3d 159, 168 (5th Cir. 2013) (emphasis omitted). Zatarain has two degrees in engineering and has shown he is equipped with skills and training in the proper field. As a result, the Court concludes that Settoon's challenges to Zatarain's level of expertise and the particularities of his experience go to the weight the Court should afford his testimony at trial, not its admissibility. *See, e.g.*, *Vedros v. Northrup Grumman Shipbuilding, Inc.*, 119 F. Supp. 3d 556, 562 (E.D. La. 2015) (Barbier, J.).

For the foregoing reasons,

**IT IS ORDERED** that Cox's motion to exclude testimony by Cox expert Arthur Zatarain regarding navigation aid lights and navigation aid light inspection practices is **DENIED**.

New Orleans, Louisiana, June 26, 2018.

                                                  **LANCE M. AFRICK**
                                   **UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. No. 82-1, at 5.