UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COX OPERATING, L.L.C., ET AL. | C.A. NO. 17-1933 c/w 17-2087 |
| VERSUS | SECTION: "I" MAG. DIV. (5) |
| SETTOON TOWING, L.L.C., ET AL. | JUDGE AFRICK |
| | MAGISTRATE JUDGE NORTH |
| | PERTAINS TO ALL CASES |

**SETTOON TOWING, L.L.C.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE CERTAIN ANTICIPATED TESTIMONY OF SETTOON'S EXPERT MARC FAZIOLI TO IMPEACH CAPTAIN FONTAINE**

This Court has already conclusively and correctly ruled that Settoon's expert Capt. Marc Fazioli will be permitted to testify, under certain clearly delineated circumstances, about what Capt. Scott Fontaine told him in regards to Well 149D:

> Settoon has represented to the Court that it plans to call Fontaine to testify at trial about when he almost hit the unlit platform. ***If what Fontaine testifies to at trial is contrary to what he allegedly told Fazioli, Fazioli will then be permitted to testify about any conversation he had with Fontaine—not as an expert witness but as a lay witness for impeachment purposes.***

R. Doc. 92, pp. 8-9 (emphasis added).

Cox is unsatisfied with this ruling, and now, improperly couched as a "motion *in limine*" (R. Doc. 94), takes a second bite at the apple asks the Court to reconsider its decision.

Apparently recognizing that that Capt. Fazioli's proposed impeachment testimony is clearly admissible under all applicable Fifth Circuit and Eastern District of Louisiana jurisprudence, Cox scrambles to find some authority outside of the Fifth Circuit that can remotely support its argument. As discussed below, Cox's request for reconsideration should be denied for

two reasons: (1) Fazioli's impeachment testimony is clearly admissible under the Federal Rules of Evidence and Fifth Circuit and Eastern District of Louisiana jurisprudence and (2) the Second (and other) Circuit criminal cases that Cox cites do not even support its argument. Cox's Motion *in Limine* (R. Doc. 94) should therefore be denied.

**A. Capt. Fazioli's impeachment testimony is clearly admissible under the Federal Rules of Evidence, Fifth Circuit jurisprudence and Eastern District of Louisiana Jurisprudence.**

Federal Rule of Evidence 607 provides: "Any party, including the party that called the witness, may attack the witness's credibility." "One common method of doing so is to impeach the witness with a prior inconsistent statement made by that witness. When proof of such a statement goes beyond merely questioning the testifying witness and, therefore, involves the use of extrinsic evidence, FRE 613 is the controlling rule." *United States v. Crinel*, 2016 U.S. Dist. LEXIS 151076, *9 (E.D. La. Nov. 1, 2016). Federal Rule of Evidence 613(b) provides: "Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires." The Fifth Circuit has explained Rule 613(b) requires that *extrinsic evidence of a prior inconsistent statement may only be used "**if the witness on cross-examination denies having made the statement**.*" *United States v. Devine*, 934 F.2d 1325, 1344 (5th Cir. 1991) (emphasis added); *see also United States v. Lay*, 644 F.2d 1087, 1090 (5th Cir. 1981) ("Under the Federal Rules of Evidence, extrinsic evidence of prior inconsistent statements of witnesses is admissible only if the witness is afforded an opportunity to explain or to deny making the prior statements. Fed. R. Evid. 613(b)."). There is absolutely no requirement in the Fifth Circuit that the prior inconsistent statement be "recorded" or "subscribed to," as Cox contends.

The Court's ruling in question – "***If what Fontaine testifies to at trial is contrary to what he allegedly told Fazioli, Fazioli will then be permitted to testify about any conversation he had with Fontaine—not as an expert witness but as a lay witness for impeachment purposes*" –** is exactly consistent with this binding jurisprudence. The Court has held that Fazioli will be permitted to give his lay impeachment testimony if, *and only if*, Fontaine testifies first and his testimony is contrary to what he told Fazioli. Fontaine will be given an opportunity to deny and/or explain, live at trial, the prior inconsistent statement he made to Fazioli, and the Court can then weight the credibility of both Fontaine and Fazioli. As such, the Court's ruling that Fazioli can give impeachment testimony is entirely consistent with the applicable evidentiary rules and Fifth Circuit jurisprudence and should stand.

**B. The cases cited by Cox are inapplicable, and do not support Cox's argument anyways.**

Apparently conceding that the applicable and binding Fifth Circuit/EDLA jurisprudence can offer it no support, Cox's reaches outside of the Fifth Circuit to attempt to impose additional burdens for Fazioli's impeachment testimony to be admitted. In doing so, it cites criminal cases that are neither binding on this Court nor applicable in this situation:

- *United States v. Strother*, 49 F.3d 869, 875, (2nd Cir. 1995): This criminal case only deals with whether a witness' prior written statement given to and transcribed by a law enforcement officer is admissible or not, and holds that when the witness refuses to sign the transcribed statement after it is given because it was not an accurate transcription, the statement cannot be a prior inconsistent statement; otherwise, it is. This case is entirely inapplicable to the factual scenario at hand and provides no support for Cox's attempt to exclude Fazioli.

- *United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993) and *Palermo v. United States*, 360 U.S. 343, 350, 79 S. Ct. 1217, 1223, 3 L. Ed. 2d 1287 (1959): These completely inapplicable criminal cases deal with whether, under the Jencks Act, a police officer's condensed summary (or the officer's memoranda of interpolations) of a witness's prior statement can be properly used on cross-examination. Again, these cases are entirely inapplicable to the case at hand, which does not involve written statements/notes taken by the police or the Jenks Act, and provide no support for Cox's attempt to exclude Fazioli.
- *United States v. Cuthbertson*, 630 F.2d 139, 146 (3rd Cir. 1980): Contrary to Cox's mischaracterization that a prior inconsistent statement must be a "verbatim recording of the prior statement," this criminal case contains no language whatsoever imposing such a requirement, and further only stands for the proposition that "statements made by *nonwitnesses* have no value as possible prior inconsistent statements to impeach trial testimony." (emphasis added). In this case, the prior inconsistent statement at issue is that of an individual that *is* a witness.
- *Tucci v. Dixon*, No., 2005 WL 2335333, at *5 (M.D. Pa. Sept. 23, 2005): this case's holding actually support's Settoon's position: "As a general rule, an '[impeaching] statement must be that of the witness to be impeached and not of some other person.'" In this case, the prior statement that will be used to impeach Fontaine is indeed Fontaine's prior statement.

Therefore, besides not being binding on this Court, the cases cited by Cox are inapplicable and do not support Cox's argument to exclude Fazioli's testimony.

C. **Cox's motion is untimely.**

Because the instant motion "relates to the calling of an expert witness," it should have been filed before the May 22, 2018 deadline set by the Court. The Court's Pretrial Deadlines Order of November 9, 2017 (R. Doc. 20) unambiguously required Cox's instant motion to have been filed in time for submission on May 22, 2018:

> **All motions that relate to the calling of an expert witness,** or eliciting an expert opinion from a witness, shall be filed and served (in sufficient time, pursuant to Local Rule 7.2, to permit submission date thereon) **no later than May 22, 2018.**

(emphasis added).

**D. Conclusion**

The Court should deny Cox's request to reconsider its prior, correct holding.

Respectfully submitted,

*/s/ Tarak Anada*
JEFFERSON R. TILLERY (#17831)
C. BARRETT RICE (#30034)
TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8238
Facsimile: (504) 589-8238
E-Mail: jtillery@joneswalker.com
brice@joneswalker.com
tanada@joneswaker.com

*Attorneys for Defendants, Settoon Towing, L.L.C., in personam and the Tug M/V Megan B. Settoon and her tow Barge SMI-245, their engines, rigging, tackle etc., in rem*

**CERTIFICATE OF SERVICE**

On the 3rd day of July, 2018, I electronically filed the foregoing motion and attachments with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all counsel of record.

*/s/ Tarak Anada*
TARAK ANADA