# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COX OPERATION, L.L.C. | CIVIL ACTION |
| VERSUS | No. 17-1933<br>c/w 17-2087 |
| SETTOON TOWING, L.L.C., ET AL. | SECTION I<br>REF: ALL CASES |

## ORDER & REASONS

Before the Court is defendant Settoon Towing, L.L.C.'s ("Settoon") motion[1] *in limine* to exclude all evidence and testimony concerning plaintiff Cox Operating, L.L.C.'s ("Cox") "no claims bonus" damages claim. For the following reasons, the motion is dismissed in part and deferred in part.

### I.

This case concerns a September 13, 2016 accident in which a vessel owned by Settoon allided with a well owned by Cox. While discovery was ongoing, Settoon sought to depose Cox pursuant to Federal Rule of Civil Procedure 30(b)(6), and Cox designated Rodney Dykes ("Dykes") as its corporate representative.[2] The deposition took place over the course of two meetings spanning five months, and it covered 93

---

[1] R. Doc. No. 83. Cox argues that the present motion is an attempt by Settoon to re-urge its motion for partial summary judgment on the "no claims bonus" issue. R. Doc. No. 103, at 2. The Court denied that motion, holding that Cox was not "legally precluded from seeking recovery of the 'no claims bonus.'" R. Doc. No. 72, at 10. However, as Settoon states, Cox must still prove the value of its loss related to the "no claims bonus" in order to recover that loss.

[2] R. Doc. No. 83-2, at 3.

topics.³ One of those topics was the category of damages relating to the return of a "no claims bonus" set forth in Cox's relevant insurance policies.⁴

Rule 30(b)(6) "provides a mechanism for deposing a corporation." *Omega Hosp., LLC v. Cmty. Ins. Co.*, 310 F.R.D. 319, 321 (E.D. La. Sept. 24, 2015) (Barbier, J.). "Obviously it is not literally possible to take the deposition of a corporation; instead, . . . the information sought must be obtained from natural persons who can speak for the corporation." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). The rule imposes duties on both parties. *Johnson v. Big Lots Stores, Inc.,* No. 04-3201, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008) (Vance, J.). The party noticing the deposition must name the corporation and "describe with reasonable particularity the matters for examination." *Id.* (quoting Fed. R. Civ. Pro. 30(b)(6)). In response, the corporation-deponent must designate a knowledgeable representative to testify about such matters on its behalf. *Id.*

In its present motion, Settoon argues that Cox failed to comply with its Rule 30(b)(6) obligation to present a knowledgeable witness with respect to the "no claims bonus" topic. According to Settoon, Dykes was unprepared to speak about the "no

---

³ R. Doc. No. 116, at 2; R. Doc. No. 103, at 4. The first meeting was in February 2018, and the second meeting was in June 2018. R. Doc. No. 116, at 2.
⁴ R. Doc. No. 83-2, at 3. Relatedly, in a footnote in its reply to Cox's response, Settoon—for the first time—argues that Cox has not explained why it is entitled to recover losses related to payment of a Texas surplus lines tax associated with the "no claims bonus." R. Doc. No. 116, at 5. This issue has not been fully briefed, and the Court defers any determination of what is to be appropriately included in any award of damages until trial.

claims bonus" in any significant detail, and the Court should thus exclude not only his testimony but *all* evidence related to the "no claims bonus."[5]

Cox argues that Settoon's protestations are disingenuous.[6] After Settoon broached the subject of the "no claims bonus" during the February portion of the deposition, Cox claims that Settoon's counsel indicated that he was satisfied with Dykes' responses.[7] Cox accuses Settoon of waiting until after the discovery period had concluded to continue the deposition so that—if Settoon was unhappy with Dykes' testimony—it would be too late for Cox to designate another Rule 30(b)(6) witness or provide additional documents.[8]

Ultimately, Cox and Settoon are arguing about whether, at trial, the Court should permit Cox to present the evidence and testimony it has thus far produced to prove the amount of the "no claims bonus" as well as whether such evidence and testimony are sufficient to support Cox's claim. As stated, the Court previously ruled that Cox may seek to recover such amount.

To resolve issues surrounding the Dykes deposition, the Court will reopen the discovery period for the limited purpose of engaging in additional discovery regarding calculation of the amount of the "no claims bonus."[9] Settoon should depose any

---

[5] R. Doc. No. 83-2, at 1, 6.
[6] R. Doc. No. 103, at 5.
[7] *Id.* at 5.
[8] *Id.* at 6. Cox also argues that Dykes was adequately prepared to testify about the "no claims bonus" but that Settoon cherry picks his testimony to make it *appear* as though Dykes was unprepared. *Id.* at 8.
[9] On August 8, 2018, the Court held a telephone conference to discuss the present motion, and counsel for all parties participated. R. Doc. No. 126. During that

3

necessary witnesses (under Rule 30(b)(6) or otherwise). Also, Cox may produce, and Settoon may request, additional documentary evidence as to this particular issue. The reopening of the discovery period moots Settoon's request to exclude Dykes' Rule 30(b)(6) testimony.[10]

**II.**

The parties also argue extensively over whether the cover notes and their accompanying documents represent the insurance policy that includes the "no claims bonus" provision.

There is language in the cover notes suggesting that an actual policy document was to be issued at a later date.[11] But other courts have permitted cover notes to serve as evidence of an insurance policy. *See generally Insurance Co. of N. Am. v. Aberdeen Ins. Servs., Inc.*, 253 F.3d 878 (5th Cir. 2001); *LCI Shipholdings, Inc. v. IF P&C Ins., Ltd.*, No. 02-2950, 2003 WL 21219903 (E.D. La. May 22, 2003) (Fallon, J.); *see also Taylor v. Lloyd's Underwriters of London*, No. 90-1403, 1994 WL 118303, at *8 n.9 (E.D. La. Mar. 25, 1994) (Mitchell, J.) ("It is clear that a 'Cover Note' is considered part of an insurance contract and is evidence of the extent of the coverage provided under the contract, in the same manner as an 'endorsement' is part of the contract."). Whether these particular cover notes and their attachments truly reflect the policy

---

conference, the parties agreed to the Court's reopening of discovery for the purpose described herein. *Id.*

[10] Additionally, the Court exercises its discretion to deny all timeliness objections raised by Settoon, preferring to resolve all issues on the merits.

[11] *See, e.g.*, R. Doc. No. 83-14, at 2 ("This document is intended for use as evidence that insurance described herein has been effected against which a policy(ies) will be issued. . . .").

4

at issue is best addressed at trial, when the Court can weigh the credibility of all of the evidence and any related testimony. The issue of which documents constitute evidence of the policy is therefore deferred until trial.

Settoon also invokes the fortuity doctrine to argue that all of the documents related to the "no claims bonus" that Cox produced before Dykes' deposition are irrelevant because they post-date the allision.[12] Settoon cites *Sosebee v. Certain Underwriters at Lloyds London*, in which the Fifth Circuit explained that "[t]he fortuity doctrine precludes [insurance] coverage for two categories of losses: known losses and losses in progress. The 'known loss' aspect . . . precludes coverage 'where the insured is, or should be, aware of . . . [a] known loss at the time the policy is purchased.'" 566 F. App'x. 296, 297 (5th Cir. 2014) (citation omitted). In short, the fortuity doctrine, as summarized in *Sosebee*, bars retroactive coverage of an accident under certain circumstances.[13] However, in *Sosebee*, the Fifth Circuit looked to Texas law. Acknowledging this, Settoon insists that it is irrelevant because "the fortuity doctrine is not limited to Texas."[14]

---

[12] R. Doc. No. 83-2, at 13.
[13] Settoon does not explain how this argument relates to Cox's potential recovery of the "no claims bonus." The Court construes Settoon's argument to be that the fortuity doctrine precluded Cox's insurers from insuring it against any losses arising out of the allision, meaning Cox could not file a claim related to the allision and, therefore, it was not required to pay back the "no claims bonus." Under this line of reasoning, Cox cannot now claim losses related to the "no claims bonus." Settoon has also not explained how this doctrine applies to third parties to an insurance contract (as compared to when insurers raise the issue to dispute coverage).
[14] R. Doc. No. 83-2, at 14.

5

The parties have not briefed the issue of what law applies in this case and, therefore, whether the fortuity doctrine applies. The Court notes that the dates in the documents Cox has submitted with respect to the insurance policy suggest the doctrine is irrelevant:

- The allision occurred on September 13, 2016.
- The cover notes and the "Confirmation of Insurance" indicate that the policy took effect in April 2016—four months before the allision.[15]
- Furthermore, the "Confirmation of Insurance" is dated May 20, 2016—three months before the allision.[16]

Nonetheless, the Court defers determination of whether the fortuity doctrine or related concepts are applicable until trial, at which point the facts of the case will be further developed.

Finally, as an attachment to its response to the present motion, Cox submitted an unsworn declaration from Elizabeth Bledsoe ("Bledsoe"), a senior vice president at McGriff, Seibels & Williams ("McGriff"), Cox's insurance broker.[17] The declaration is intended to elucidate which documents represent the insurance policy and clarify details surrounding the policy and the "no claims bonus."

Settoon argues that "the use of the declaration . . . to explain the no claims bonus issue is improper" because the information in the declaration pertains to a subject matter that requires expert testimony.[18] However, Settoon does not explain

---

[15] R. Doc. *E.g.*, No. 83-14, at 2; R. Doc. No. 83-17, at 3.
[16] R. Doc. No. 83-17, at 3 ("This Confirmation of Insurance is evidence that . . . we have procured from certain Insurer(s) the coverage described hereinafter.").
[17] R. Doc. No. 103-1.
[18] R. Doc. No. 116, at 9.

why the information is "beyond the ken of a layperson or a typical lawyer."[19] Without providing any rationale, Settoon simply asserts that the declaration "contains testimony that is inadmissible and should be stricken from the record."[20]

The Court notes that lay witnesses may testify about facts that are "plainly within [a person's] personal knowledge based on [the person's] on-the-job experience." *Louisiana Med. Mgmt. Corp. v. Bankers Ins. Co.*, No. 06-7248, 2007 WL 2377137, at *1 (E.D. La. Aug. 16, 2007) (Vance, J.). However, the Court defers ultimate resolution of this issue—should it be necessary—until trial.[21]

### III.

Accordingly,

**IT IS ORDERED** that, without objection, the discovery period in this case is reopened to allow the parties to engage in discovery for the limited purpose of determining the amount of the "no claims bonus," provided that such discovery shall be completed by **OCTOBER 5, 2018.**

**IT IS FURTHER ORDERED** that, in light of the Court's reopening of the discovery period, Cox's motion to exclude Dykes' Rule 30(b)(6) testimony is **DISMISSED AS MOOT.**

---

[19] *Id.*
[20] *Id.*
[21] It is difficult to ascertain at this stage of the litigation exactly what evidence Cox will use at trial to prove the amount of the "no claims bonus"—hence the Court's deferral of related issues herein. Additionally, because the discovery period is reopened with respect to the issue of the amount of the "no claims bonus," Settoon may choose to retain an expert witness on that issue.

7

**IT IS FURTHER ORDERED** that final resolution of whether the cover notes are evidence of the insurance policy; whether Cox can recover the loss it suffered by paying a surplus lines tax in connection with the "no claims bonus"; whether the fortuity doctrine or any similar concept is applicable to the case; and whether evidence about the relevant insurance documents requires expert testimony is **DEFERRED UNTIL TRIAL.**

New Orleans, Louisiana, August 10, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**