UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COX OPERATING, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-1933**<br>**c/w 17-2087** |
| **SETTOON TOWING, L.L.C., ET AL.** | **SECTION I**<br>**REF: ALL CASES** |

## ORDER & REASONS

Before the Court is defendant Settoon Towing, L.L.C.'s ("Settoon") motion[1] *in limine* to exclude evidence of certain subsequent remedial measures pursuant to Federal Rule of Evidence 407. For the following reasons, the motion is granted in part and deferred in part.

### I.

This case concerns a 2016 accident in which a vessel owned by Settoon allided with a well owned by Cox (the "allision"). The present motion arises out of an e-mail sent by Scott Townsend ("Townsend"), Settoon's then operations manager, to all Settoon vessels three days after the allision.[2] In the e-mail, Townsend listed 17 areas that had been "flagged as locations [Settoon vessels] will not run in at night."[3] Included on that list was "Venice – All locations east of the river," which undisputedly encompasses Quarantine Bay, the field in which the allision occurred.[4]

---

[1] R. Doc. No. 89.
[2] R. Doc. No. 121, at 10; R. Doc. No. 89-1, at 1.
[3] R. Doc. No. 121, at 10.
[4] R. Doc. No. 89-1, at 2. The Court will refer to this area, described as "Venice – All locations east of the river" in the e-mail, as "Quarantine Bay."

Settoon contends that this e-mail serves as evidence of a policy that it enacted after and as a direct result of the allision to "discontinue running its vessels in certain navigable waters at night" (the "policy").[5] According to Settoon, it implemented the policy as a subsequent remedial measure; thus, any evidence of the policy—including Townsend's e-mail and related deposition testimony—is inadmissible under Federal Rule of Evidence 407.[6]

Rule 407 provides that

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction. But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures.

Fed. R. Evid. 407. The primary justification for Rule 407 is the "social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Fed. R. Evid. 407 advisory committee's note to 1972 proposed rules.

In response, Cox argues that Rule 407 is inapplicable.[7] Cox does not deny that Quarantine Bay was, post-allision, added to the list of areas within which Settoon's vessels should not operate at night (the "policy list"). Instead, it argues that the addition of Quarantine Bay and other areas to the policy list was simply a change made to an already existing policy and that the entire policy falls outside the scope of

---

[5] R. Doc. No. 89, at 1.
[6] *Id.*
[7] R. Doc. No. 105, at 5.

2

Rule 407's exclusionary protection.[8] Alternatively, Cox argues that evidence of the policy is admissible under Rule 407's exceptions.[9]

## II.

The Court first addresses whether evidence of the policy is admissible under Rule 407's general exclusionary rule. It is uncontested that several areas added to the policy list, including Quarantine Bay, were added *after* the allision. Furthermore, it is uncontested that those areas were added to the policy list *as a direct result* of the allision. The Court therefore rejects Cox's unconvincing characterization of this particular change in Settoon's practices as a mere "codification of the policy."[10] The updated policy list is an addition to the policy list which was generated in direct response to the allision and, therefore, a clear subsequent remedial measure.[11]

"Rule 407 is clear that when measures are implemented after an accident that are intended to make an earlier injury or harm less likely to occur in the future, those measures are inadmissible to prove fault." *Ponds v. Force Corp.*, No. 16-1935, 2017 WL 67530, at *3 (E.D. La. Jan. 6, 2017) (Africk, J.). This comports with the rule's policy justification: If the Court were to decide that the policy updates are admissible against Settoon at trial, Settoon might be less likely to actively and openly seek "to

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* Cox makes what is essentially the same argument in its supplemental memorandum, asserting that the policy is not a subsequent remedial measure because the policy existed before the allision and the e-mail "merely expanded" it. R. Doc. No. 213, at 1. But this argument fails for the same reason: the expansion is the subsequent remedial measure, not the policy.

3

adopt such post-accident measures in the future. That is precisely the result Rule 407 seeks to avoid." *Id.* Accordingly, evidence pertaining to additions to Settoon's policy list implemented after the allision is excludable as a subsequent remedial measure and inadmissible under Rule 407's general exclusionary rule.[12]

Alternatively, Cox argues that evidence of the policy is nonetheless admissible under two exceptions: to prove Settoon's control over its own vessels and to prove that Settoon had knowledge of the risks associated with navigating oilfields at night.[13] The Court will defer ruling on whether any Rule 407 exception applies until trial.

---

[12] With respect to the other areas on the policy list, Settoon has already admitted that any "testimony concerning the fields that Settoon was *already* not running [in] at night . . . prior to the allision . . . is admissible." R. Doc. No. 89-1, at 3.

[13] The Fifth Circuit has held that evidence of subsequent remedial measures may be "admissible as proof of subsidiary issues . . ., such as knowledge of [a] dangerous condition." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1343 (5th Cir. 1978). In addition to citing *Rozier*, Cox cites *Kirkland v. Marriott International, Inc.*, 416 F. Supp. 2d 480 (E.D. La. Feb. 21, 2006) (Vance, J.). However, the *Kirkland* court discussed proof of knowledge in the context of impeachment. *Kirkland*, 416 F. Supp. 2d at 489 ("Impeachment . . . may include proving defendants' knowledge of the alleged dangerous condition at the time of the accident."). With respect to knowledge, Townsend's e-mail and the policy list were generated after the allision. However, Cox is not precluded from offering testimony at trial to show that Settoon's personnel knew about the potential dangers of navigating certain oilfields at night before the allision—such testimony does not require any reference to the policy list.

As to the control issue raised by Cox, Settoon has indicated that control is undisputed, and it insists that it does not plan to argue at trial that Cox could control Settoon's vessels at the time of the allision. R. Doc. No. 121, at 3.

Ultimately, as stated herein, the Court defers ruling on whether any Rule 407 exception applies—related to knowledge, impeachment, control, or otherwise—until trial. The Court also defers a decision on any arguments related to Federal Rule of Evidence 403 until trial.

**III.**

Accordingly,

**IT IS ORDERED** that Settoon's motion is **GRANTED IN PART** and **DEFERRED IN PART** as set forth herein.

New Orleans, Louisiana, August 13, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**