## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COX OPERATING, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-1933**<br>**c/w 17-2087** |
| **SETTOON TOWING, L.L.C., ET AL.** | **SECTION I**<br>**REF: ALL CASES** |

## ORDER & REASONS

Before the Court is defendant Settoon Towing, L.L.C.'s ("Settoon") motion[1] *in limine* to exclude evidence of other accidents pursuant to Federal Rules of Evidence 403 and 404(b). For the following reasons, the motion is deferred until trial.

### I.

This case concerns a September 2016 accident in which a vessel owned by Settoon allided with one of Cox's wells in Quarantine Bay (the "2016 allision"). At trial, Cox intends to offer evidence of a 2007 accident involving Settoon (the "2007 allision") to prove Settoon's negligence in this case.[2] In anticipation of this strategy, Settoon filed a motion to exclude testimony and evidence as to the 2007 allision.[3]

---

[1] R. Doc. No. 90.
[2] R. Doc. No. 104, at 2. The 2007 allision also resulted in a lawsuit. Judge Lemmon, who presided over the case, described the accident as follows: "On January 20, 2007, the M/V CATHY M. SETTOON, while pushing a barge, struck a well . . . in Bayou Perot in Jefferson Parish, Louisiana. The allision caused extensive damage to the wellhead and resulted in an uncontrolled spray of crude oil into the bayou." *In re Settoon Towing, LLC*, No. 07-1263, 2009 WL 4730969, at *1 (E.D. La. Dec. 4, 2009).

Alternatively, if the Court prohibits Cox from introducing evidence about the 2007 allision to prove Settoon's negligence, Cox intends to introduce such evidence to show that Settoon was on notice and had knowledge of the potential risks of operating its vessels in certain areas at night. R. Doc. No. 104, at 2.

[3] *See generally* R. Doc. No. 90. Settoon's motion addresses two accidents—the 2007

Judge Vance has stated:.

> The Fifth Circuit instructs that '[w]hen evidence of other accidents or occurrences is offered for any purpose other than to show notice, the proponent of that evidence must show that the facts and circumstances of the other accidents or occurrences are 'closely similar . . .' to the facts and circumstances at issue.' *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993) (citing *McGonigal v. Gearhart Indus., Inc.*, 851 F.2d 774, 778 (5th Cir. 1988); *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082–83 (5th Cir. 1986)). This is also referred to as the 'substantially similar' standard. *See Underwriters at Lloyd's London v. OSCA, Inc.*, Nos. 03–20398, 03–20817, 03–21021, 2006 WL 941794, at *7 (5th Cir. April 12, 2006).

*Slatten, LLC v. Royal Caribbean Cruises Ltd.*, No. 13-673, 2014 WL 5524464, at *1 (E.D. La. Oct. 31, 2014). To establish substantial similarity, the burden is on the proponent of the evidence to show "that the facts and circumstances of the other accidents or occurrences are closely similar to the facts and circumstances of the case." *See Johnson*, 988 F.2d at 579.

When evidence of prior accidents is offered instead to show notice or a "defendant's awareness of a dangerous condition, the rule requiring substantial similarity . . . should be relaxed. . . . [A]ny differences in the circumstances surrounding these occurrences go merely to the weight to be given the evidence." *OSCA*, 2006 WL 941794, at *7 (citations omitted). "However, even when it is offered solely to show notice, the proponent of such evidence must establish reasonable similarity." *Johnson*, 988 F.2d at 580 (citation omitted).

---

allision and an accident that occurred in 2016. *Id.* at 12. However, Cox has indicated that it does not intend to offer evidence of the 2016 accident at trial, R. Doc. No. 104, at 1. Accordingly, the Court will only evaluate the admissibility of evidence and testimony related to the 2007 allision.

2

If the Court determines that evidence of past accidents is substantially similar, it can nonetheless exclude the evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Johnson*, 988 F.2d at 580 ("Moreover, even when a substantial similarity of circumstances is established, the district court has broad discretion to exclude such evidence under Rule 403.").[4]

## II.

There are too many disputed facts for the Court to determine whether the 2007 and 2016 allisions are substantially similar. In both incidents, one of Settoon's vessels allided with a well in an oilfield at night.[5] And although Settoon concedes these basic parallels, it disputes all of Cox's other alleged similarities.

The Court concludes that Cox has not yet demonstrated substantial similarity between the allisions, and it has, therefore, not met its burden. The Court will defer determination of whether evidence related to the 2007 allision is admissible under the "substantially similar" standard until trial, when the facts of the 2016 allision

---

[4] Settoon also argues that evidence of prior accidents is inadmissible under Federal Rule of Evidence 404(b). Regardless of whether the Court applies Rule 404(b) or the "substantial similarity" standard, the analysis is essentially the same. *See, e.g., In re Oil Spill by Oil Rig "Deepwater Horizon"*, No. MDL 2179, 2012 WL 413860, at *2 (analyzing the admissibility of evidence as to prior incidents under the "substantially similar" standard while addressing the defendant's argument that such evidence is inadmissible under Rule 404(b) and concluding the analysis with a Rule 403 inquiry).
[5] However, the allisions involved different vessels manned by different captains and crews, and they occurred in different locations.

have been elucidated further. For essentially the same reasons, the Court will also defer determination of whether reasonable similarity exists between the allisions.[6]

### III.

Accordingly,

**IT IS ORDERED** that the motion is **DEFERRED UNTIL TRIAL**.

New Orleans, Louisiana, August 15, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[6] If the Court determines that the allisions are substantially or reasonably similar, it will also address Rule 403 considerations at that time.