# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COX OPERATING, L.L.C.** | CIVIL ACTION |
| | No. 17-1933 |
| **VERSUS** | c/w 17-2087 |
| | SECTION I |
| **SETTOON TOWING, L.L.C., ET AL.** | REF: ALL CASES |

## ORDER & REASONS

Before the Court is Cox Operating, L.L.C.'s ("Cox") motion[1] *in limine* to exclude testimony from Settoon Towing, L.L.C.'s ("Settoon") expert, Marc Fazioli ("Fazioli"). Cox anticipates that Fazioli will give testimony at trial intended to impeach another potential witness, Captain William Scott Fontaine ("Fontaine"), and it seeks to exclude such testimony. For the following reasons, the motion is denied.

### I.

On March 30, 2018, Fazioli went to Quarantine Bay—where the allision that forms the basis of this lawsuit occurred—to inspect the field. To conduct the inspection, Fazioli rented a boat from Abe's Boat Rentals, captained by Fontaine, who otherwise has no connection to this case.

In that portion of his expert report in which he details the inspection, Fazioli describes a conversation he allegedly had with Fontaine. According to Fazioli, Fontaine told him that in September 2016—the same month and year as when the allision occurred—he almost hit an unlit platform in Quarantine Bay while trawling

---

[1] R. Doc. No. 94.

at night. Fazioli's report states that he then showed Fontaine a picture of Cox's well, which was damaged in the allision, and that Fontaine confirmed that the well was located on the platform he nearly hit.

Ruling on a motion previously filed by Cox as to Fontaine's testimony at trial, the Court explained:

> What Fontaine allegedly told Fazioli is . . . in dispute because Fontaine has offered conflicting accounts of what he saw when. Settoon has represented to the Court that it plans to call Fontaine to testify at trial about when he almost hit the unlit well platform. If what Fontaine testifies to at trial is contrary to what he allegedly told Fazioli, Fazioli will then be permitted to testify about any conversation he had with Fotnaine—not as an expert witness but as a lay witness for impeachment purposes.[2]

Cox's present motion seeks to exclude such testimony. The motion is essentially a misguided attempt to argue the rules of evidence with the Court.

## II.

Rule 613 of the Federal Rules of Evidence "provides that a witness may be impeached with a prior inconsistent statement." *United States v. Isiwele*, 635 F.3d 196, 199 (5th Cir. 2011) (citing *United States v. Watkins*, 591 F.3d 780, 787 (5th Cir. 2009)). The provision of the rule at issue states:

> Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires.

Fed. R. Evid. 613(b). The Fifth Circuit has held that "[p]roof of such a statement may be elicited by extrinsic evidence only if the witness . . . denies having made the

---

[2] R. Doc. No. 92, at 8–9.

2

statement." *Great West Cas. Co. v. Rodriguez-Salas*, 436 F. App'x 321, 327 n.3 (citation omitted).

The parties debate whether Fontaine's alleged comments constitute "prior statement[s]" under Rule 613.[3] Cox argues that, for a statement to be admissible for impeachment purposes, it "must either be a *verbatim recording . . .* or a third party's characterization of the statement *to which the witness has expressly subscribed or otherwise adopted*."[4] In support of this argument, Cox cites several non-precedential cases from outside the Fifth Circuit that are clearly distinguishable. In response, Settoon argues that "there is no requirement in the Fifth Circuit that the prior inconsistent statement be 'recorded' or 'subscribed to.'"[5] The Court agrees.

The Fifth Circuit has never articulated Cox's purported constraints with respect to Rule 613 testimony. To the contrary, the Fifth Circuit has permitted testimony similar to the testimony Cox now seeks to exclude. For example, in *United States v. Lay*, the Fifth Circuit explained that one witness's testimony about a previous conversation was an acceptable form of extrinsic evidence used to impeach another witness about his purported statements. *See United States v. Lay*, 644 F.2d 1087, 1089–90 (5th Cir. Unit A May 13, 1981). Citing Rule 613, the Fifth Circuit held

---

[3] The Court notes that Federal Rule of Evidence 801(d)(1) is not at issue with respect to Fazioli's anticipated testimony, and neither party cites Rule 801(d)(1) in support of their position. Unlike Rule 613—which allows for the introduction of prior statements for impeachment purposes—if the statement was admitted under Rule 801(d)(1), it would be a non-hearsay statement admissible for the truth of the matter asserted.
[4] R. Doc. No. 94-1, at 2–3.
[5] R. Doc. No. 101, at 2.

that the trial judge's exclusion of such testimony was erroneous: "[The witness] was questioned about the statements he allegedly made to [the defendant] and he denied making them. Thus, [the defendant's] testimony, a form of extrinsic evidence, was admissible to impeach [the witness]." *Id.* at 1090; *see also United States v. Hames*, 185 F. App'x 318, 322 (5th Cir. 2006); *United States v. Bibbs*, 564 F.2d 1165, 1169 (5th Cir. 1977).

In contrast to the facts of the cases Cox cites, this is *not* a situation where witness "A"—using a statement made to him by person "B"—testifies for the purpose of impeaching the testimony of witness "C." Moreover, Settoon is not attempting to introduce into evidence any portion of Fazioli's expert report as Fazioli's reflection or interpretation of the statements Fontaine allegedly made to him. Finally, Cox's attempt to gain support by references to cases citing the Jencks Act and the Federal Rules of Criminal Procedure is rejected.

### III.

Alternatively, Cox argues that the potential impeachment testimony should be excluded as irrelevant.[6] Cox contends that the evidence is irrelevant because conditions at Quarantine Bay thirteen days before the date of the allision has "absolutely no tendency to make any fact more or less probable."[7]

However, even if Fontaine was traveling through Quarantine Bay several days

---

[6] R. Doc. No. 124, at 3–4. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.
[7] *Id.* at 4 (quoting Federal Rule of Evidence 401). Fazioli's report indicates that, after looking at Fontaine's Google Maps history, he "observed . . . records detailing Captain Fontaine had crisscrossed Quarantine Bay" on September 3, 3016—thirteen days before the allision. R. Doc. No. 76-3, at 5.

4

before the allision, whether the well was unlit at that time is certainly relevant, especially considering the fact that one of Settoon's defenses to liability is that the well's light was out when the allision occurred. *Hicks-Field v. Harris Cty., Tex.*, 860 F.3d 803, 809 (5th Cir. 2017) ("[T]he bar is low—evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'") (citation omitted).[8] Cox's arguments go to the weight—not the admissibility—of the disputed testimony.

IV.

Accordingly,

**IT IS ORDERED** that Cox's motion is **DENIED**.

New Orleans, Louisiana, August 27, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[8] *See, e.g.*, R. Doc. No. 80, at 1.