UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COX OPERATING, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-1933**<br>**c/w 17-2087** |
| **SETTOON TOWING, L.L.C., ET AL.** | **SECTION I**<br>**REF: ALL CASES** |

## ORDER & REASONS

Before the Court is Cox Operating, L.L.C.'s ("Cox") motion[1] for an adverse inference at trial. Specifically, Cox requests that the Court order that a certain e-mail be considered admissible as a party-opponent statement against Settoon Towing, L.L.C. ("Settoon") as a sanction pursuant to Federal Rule of Civil Procedure 11.[2] For the following reasons, the motion is denied.

### I.

This case concerns a 2016 accident in which a vessel owned by Settoon allided with a well owned by Cox (the "allision"). The e-mail underlying the present dispute was sent by Scott Lerille ("Lerille")—who was at some point in time a Settoon employee[3]—to Mike Ellis, Settoon's then-president. Lerille sent the e-mail three days after the allision occurred.[4] Cox asserts that the e-mail is critical to proving "Settoon's

---

[1] R. Doc. No. 99.
[2] Cox's only mention of Rule 11 is in a footnote of its memorandum in support of the present motion. R. Doc. No. 99-1, at 1 n.1. To the Court's disappointment, there is absolutely no discussion of the rule's procedural requirements.
[3] The parties disagree as to exactly when Lerille was employed by Settoon.
[4] *See* R. Doc. No. 99-8, at 1. The e-mail is dated September 16, 2016, *id.*, and the allision occurred on September 13, 2016.

privity and knowledge of the negligence that caused the [a]llision" at trial.[5] According to the parties' briefs, the dispute unfolded as follows:

- On May 18, 2018, Cox moved for partial summary judgment, relying in part on Lerille's e-mail to demonstrate that Settoon "admitted that [its] 'management failures' caused the [a]llision."[6]

- On June 5, 2018, Settoon filed its opposition and a motion to strike the e-mail, arguing that it was inadmissible hearsay. In its memorandum in support of the motion to strike, Settoon contended that Lerille resigned before sending the e-mail. Additionally, Settoon stated that "Lerille never worked at Settoon again."[7] It is undisputed that such statement is false.[8]

- Settoon states that the misstatement was a mistake: Settoon "enlisted the assistance of a special counsel . . . to assist in drafting [the] [m]otion to [s]trike." The special counsel "read the part of the . . . deposition transcript in which it was discussed that Lerille quit right after the allision" and "inadvertently concluded . . . that after [Lerille] quit the first time," he never worked for Settoon again.[9]

- The day after Settoon filed its motion to strike, Cox's counsel called Settoon's counsel to discuss the misstatement. Settoon's counsel stated that he would file a motion for leave to substitute the memorandum with a corrected version. However, before he could do so (and only two days after the motion was filed), the Court denied Cox's motion for partial summary judgment and dismissed the motion to strike as moot.[10] Settoon argues that "[t]here was therefore no longer any mistaken memorandum pending before the Court."[11]

- Counsel for both parties again spoke about the issue, and Settoon's counsel advised Cox's counsel that he would still correct the misstatement—this time in a motion *in limine* Settoon intended to file seeking exclusion of the e-mail at trial.[12]

---

[5] R. Doc. No. 99-1, at 2.
[6] R. Doc. No. 64-1, at 8.
[7] R. Doc. No. 74-1, at 2–3.
[8] R. Doc. No. 99-1, at 2; R. Doc. No. 114, at 2–3, 4.
[9] R. Doc. No. 114, at 3.
[10] *Id.* at 4; *see generally* R. Doc. No. 78.
[11] R. Doc. No. 114, at 4.
[12] *Id.* at 4–5.

- Settoon states, however, that it decided not to file such a motion after it learned that Cox had subpoenaed Lerille to testify live at trial because "it became clear to Settoon that . . . [t]here would be no hearsay issue."[13]

- Thereafter, counsel for both parties spoke about the issue for a third time. Settoon states that it proposed the submission of a joint stipulation correcting the error and that "Cox's counsel represented that he would get back to Settoon in response to the proposal."[14] According to Settoon, Cox filed the present motion instead.[15]

Cox now moves the Court to enter "an order granting an adverse inference as to the admissibility of the [e-mail] as a non-hearsay statement of party opponent" pursuant to Federal Rule of Civil Procedure 11 as a sanction against Settoon for its failure to correct the misstatement.[16]

## II.

Rule 11 sanctions would be improper because Cox has not complied with Rule 11's "safe harbor" requirement.

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected *within 21 days after service* or within another time the court sets.

Fed. R. Civ. P. 11(c)(2) (emphasis added). This provision "creates a period of 'safe harbor' whereby parties can avoid sanctions by withdrawing or correcting the challenged document or position *after receiving the motion for sanctions.*" *Margetis v. Furgeson*, 666 F. App'x 328, 331 (5th Cir. 2016) (citing *Elliott v. Tilton*, 64 F.3d 213,

---

[13] *Id.* at 5.
[14] *Id.*
[15] *Id.*
[16] R. Doc. No. 99-1, at 1 n.1.

3

216 (5th Cir. 1995)) (emphasis added).

As the Fifth Circuit has explained, "[t]here is no indication in . . . Rule 11 . . . or in the advisory notes to support [the] contention that a motion for sanctions may be filed with the court without serving the respondent with a *copy* at least twenty-one days in advance." *Askins v. Hagopian*, 713 F. App'x 380, 381 (5th Cir. 2018) (quoting *In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008)). "[S]trict compliance with Rule 11 is mandatory." *Id.* (holding that the party seeking sanctions failed to comply with Rule 11's "safe harbor" provision, even though his counsel had e-mailed the other party's counsel before filing the Rule 11 motion).[17] The record reflects that, despite Rule 11's requirement, Cox served Settoon with a copy of the present motion on the same day the motion was filed with the Court.[18]

---

[17] The Court also notes that Settoon has acknowledged its mistake, and it has not continued to argue that Lerille "never worked at Settoon again." In fact, Settoon has refuted its initial contention in accordance with Rule 11: "[I]t is true that Scott Lirelle did in fact come back to work for Settoon for some period of time after he quit. . . ." R. Doc. No. 114, at 2–3. *See Elliott*, 64 F.3d at 216 (5th Cir. 1995) (quoting Fed. R. Civ. P. 11(c) advisory committee's notes to 1993 amendment) ("[A] party will not be subject to sanctions on the basis of another party's motion unless . . . it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation."); *see also* Fed. R. Civ. P. 11 advisory committee's notes to 1993 amendment ("Subdivision (b) does not require a formal amendment to pleadings for which evidentiary support is not obtained, but rather calls upon a litigant not thereafter to advocate such claims or defenses.").
[18] R. Doc. No. 99-2, at 2.

4

Accordingly,

**IT IS ORDERED** that Cox's motion for an adverse inference is **DENIED.**

New Orleans, Louisiana, August 27, 2018.

　　　　　　　　　　　　　_____
　　　　　　　　　　　　　**LANCE M. AFRICK**
　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**